210 N.J. Super. 333 (1985)
509 A.2d 818
BENNIE YVONNE WILKERSON, PLAINTIFF,
v.
DONALD LEE PEARSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided December 12, 1985.
*334 Celine November for plaintiff. (Draesel, Sunshine, Atkins & November)
Alan C. Lippel for defendant.
Mary L. Andresini for infant child. (Court Appointed Guardian ad Litem) (Ferrara & Funabashi)
*335 SORKOW, J.S.C., P.J.F.P.
In a plenary hearing that sought to terminate a father's already supervised visitation, ordered because of allegations of sexual abuse of the parties' daughter, the mother offered an art therapist as an expert witness to prove the aforesaid allegations. Plaintiff proffers that the testimony of the art therapist would establish that the infant child was a victim of sexual molestation or abuse.
The expert's qualifications have been stipulated by counsel. Mrs. Diane Safran holds a Bachelors Degree in Psychology from the University of Michigan and a Masters Degree in Art Therapy from the University of Bridgeport, holds a certificate as a guidance counsellor, has 6 years of private practice experience as an art therapist, a certificate from Simmons College in Group and Family Art Therapy and has testified in several cases in the Family Court of Philadelphia, Pennsylvania, as an expert art therapist.
Notwithstanding the foregoing, the defendant argues that although the witness be qualified as an expert, her opinion should not be allowed into evidence because it would not meet the standards of Evid.R. 56(2) and the criteria established in State v. Cavallo, 88 N.J. 508 (1982), and State v. Kelly, 97 N.J. 178 (1984), which governs the admissibility of expert testimony.
R. 56(2) provides that an expert may testify "in the form of opinion or otherwise as to matters requiring scientific, technical or other specialized knowledge if such testimony will assist the trier of fact to understand the evidence or determine a fact in issue." Further, an expert's opinion testimony is admissible only if the expert is qualified pursuant to Evid.R. 19, and the opinion is based on facts reasonably relied upon by experts in the particular field.
Chief Justice Wilentz wrote in State v. Kelly, 97 N.J. at 208 [citing Evid.R. 56 (Anno. 1984) comment 5]:
In effect, this Rule imposes three basic requirements for the admission of expert testimony; (1) the intended testimony must concern a subject matter *336 that is beyond the ken of the average juror; (2) the field testified to must be at a state of the art such that an expert's testimony could be sufficiently reliable; and (3) the witness must have sufficient expertise to offer the intended testimony.
The first criteria is that the intended testimony must concern a subject matter which is beyond the understanding of the average jury or fact finder. The interpretation of an individual's drawings as an expression of non-verbal communication of thoughts stimulated by internal psychological conflicts and external pressures, is indeed, beyond the understanding of this court or the average juror if this were a trial with a jury.
The second criterion is that the field testified to must be a state of the art, such that an expert's testimony could be sufficiently reliable. To be reliable, the expert's testimony must satisfy the New Jersey standard of acceptability for scientific evidence, which is that the method of analysis used by the expert must have a "sufficient scientific basis to produce uniform and reasonably reliable results and will contribute materially to the ascertainment of the truth." State v. Cavallo, 88 N.J. at 517 [citing State v. Cary, 49 N.J. 343, 352 (1967)]; State v. Hurd, 86 N.J. 525, 536 (1981). The recognized proofs of the foregoing is by other expert testimony, scientific writings and judicial opinions. State v. Cavallo, 88 N.J. at 521.
As to the Cavallo criterion, it is found that the proffered art therapist, Diane Safran of Westport, Connecticut has been qualified and testified in several litigated cases in the Family Court of Philadelphia, Pennsylvania. And while no judicial opinion has been found in any jurisdiction on the admissibility of the subject expert's opinion such fact alone should not be a bar to admissibility. That there are scientific writings was well established. See Levick, They Could Not Talk and So They Drew, (1983); Howoritz, Handbook of Psychiatric Therapies, (1966); Brunner, Mazel, Children's Drawings as Diagnostic Aids, (1973).
It thus appears that the Cavallo criteria have been met and the expert's opinion would be sufficiently reliable.
*337 As to the third requirement, it is noted again that the expert's qualifications were stipulated.
Art therapy is defined as a form of non-verbal expression and communication. It is a means of expression that synthesizes internal and external stimuli of an individual, so that feelings and thoughts stimulated by internal conflicts and external pressures can be synthesized into the non-verbal form of art communication or art expression. Levick, supra. It is a tool used to diagnose and interpret. It can be a bridge between the conscious and the unconscious.
The expert witness has had the subject child in over 100 therapeutic sessions. The expert is the child's primary therapist. The child has voluntarily prepared over 100 drawings of which some 30 or more were introduced into evidence. In addition to drawing, the infant was asked by the therapist about the meanings of the pictures. Observations have been made of the material chosen and used by the child as well as the manner in which they were used. Color appropriateness was also noted. The therapist then interpreted the foregoing factors as well as the presentation of each drawing's subject matter and made such findings as the child's initial pictures show an overemphasis on genitalia, phallic symbols, isolation, confusion, lack of trust, regression, fright and anger.
Although the issue of the admissibility of the opinion testimony of an art therapist is a case of first impression in this state, the field of art therapy is not new to the mental health practitioner. On the contrary, it reaches back into the scientific world to the days of Sigmund Freud. Levick, supra, at 4.
It should be clear that this discipline reaches beyond the administration of well known psychological tests such as the kinetic family or house person tree drawings.
Dr. Myra Levick, one of the leading art therapists in this country, testified to art therapy as an independent modality of diagnosis and treatment which began in this country in the 1940's and was used earlier as an adjunct to treatment by *338 psychiatrists and psychologists. Dr. Levick testified further that there are approximately 126 colleges and universities offering courses on a graduate and undergraduate level in this country.
The field of art therapy and the use of art therapy has been recognized among those in the scientific profession as well. Dr. Allwyn Levine, an adult and child psychiatrist, often used by this Court as its own expert, testified that art therapy was part of his resident training and has been incorporated into the teaching programs of several medical schools. In addition, it has been accepted as a treatment modality by the American Psychiatric Association.
This Court is satisfied that art therapy has a sufficient scientific acceptance and basis. It is not a test such as a breathalyzer that establishes a result given certain facts. Rather art therapy is a modality of treatment that is subjective in nature but has within its discipline fundamental criteria that if found to exist lead to certain inferences and conclusions. To this extent such evidence is reliable.
Having concluded that the proffered expert meets the criteria established by Kelly and Cavallo, supra, to be admissible as expert opinion testimony, the final question to be resolved is the weight of the potential prejudice against the probative value of the admissibility of such opinion testimony. Cavallo, supra, at 520.
The concern for prejudice that this testimony might create is minimal or nonexistant. The courts of this State have the ability to sieve, sift and weigh the testimony submitted to them without the subjective emotional decorations that sometimes are found in testimonial evidence.
The fact that there are no judicial opinions approving art therapy evidence does not, in this Court's view, mitigate against the introduction into evidence of an art therapist's expert opinion. When appropriate, a court must act to introduce into the corpus juris a new vehicle to use in its never ending search *339 for the truth. But it is for the trier of fact in each case to determine the weight to be given to such now acceptable expert opinion evidence.
Accordingly, this Court will admit the expert opinion testimony only by the criteria set forth herein.